822 F.2d 60
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Joseph GIACALONE, Defendant-Appellant.
 No. 86-1905
 United States Court of Appeals, Sixth Circuit.
 July 6, 1987.
 
 Before KEITH and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-appellant Joseph Giacalone appeals his 1986 conviction after a bench trial for unlawful receipt of a firearm by a felon, in violation of 18 U.S.C. 922(h).[1] Because we determine that the elements of the Section 922(h) offense were proven by sufficient evidence, we AFFIRM the conviction of appellant.
 
 
 2
 Appellant purchased a 12-gauge shotgun from a licensed firearms dealer in 1984. At the time of purchase, appellant had previously been convicted of conspiracy to violate gambling laws of the state of Michigan in 1969 and unarmed robbery in 1978. As a result of the 1984 transaction, appellant was indicted for making a false statement to a licensed firearm dealer[2] and receiving a firearm shipped or transported in interstate commerce. At a bench trial before the Honorable Stewart A. Newblatt, the parties stipulated that the shotgun was originally manufactured in Massachusetts between 1921 and 1969. Also, the firearms dealer, testifying as a government witness, stated that he knew from the shotgun's purchase price and lack of serial number that the firearm would have been obtained in a 'trade-in', not from a gun wholesaler.
 
 
 3
 The government offered no evidence regarding the manner of transport from the point of manufacture to Michigan. At the close of the government's case, appellant moved for acquittal on the grounds that the government did not produce sufficient evidence to show that the shotgun had been 'shipped or transported in interstate . . . commerce'. The district court denied appellant's motion, concluding upon the appellant's subsequent conviction that the shotgun had been shipped or transported in interstate commerce at some time before appellant's purchase.
 
 
 4
 On appeal, appellant maintains that the 'interstate commerce' element of Section 922(h) requires proof that the firearm traveled across state lines in the stream of interstate commerce, or within commercial channels. Mere proof that the firearm crossed state lines is insufficient, appellant contends. We disagree.
 
 
 5
 In Barrett v. United States, 423 U.S. 212 (1976), the Supreme Court rejected an analagous challenge to the scope of Section 922(h). It held that Section 922(h) applied to a felon's purchase of a firearm that, independently of the felon's receipt, had been transported in interstate commerce. In support of its holding, the court noted that:
 
 
 6
 Section 922(h)'s broadly stated principal purpose was to make it possible to keep firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency . . . In light of this principal purpose, Congress could not have intended that the broad and unambiguous language of Sec. 922(h) was to be confined, as petitioner suggests, to direct interstate receipts. That suggestion would remove from the statute the most usual transaction, namely, the felon's purchase or receipt from his local dealer.
 
 
 7
 Barrett, 423, U.S. at 220, 221 (citations omitted).
 
 
 8
 We are of the view that to construe Section 922(h)'s elements to require proof of a commercial carrier would similarly confine the statute's language. Section 922(h)'s principal purpose is to prevent felons from receiving firearms. Were we to agree with appellant's construction, a felon's receipt of a firearm would be immunized by the mere fact or inference that the gun crossed state lines by private rather than commercial carrier. Such a construction would 'defeat the obvious intention of the legislature' and create a 'gap' in the statute's comprehensive bar against the acquisition of firearms.
 
 
 9
 Barrett, 423 U.S. at 218.
 
 
 10
 Moreover, courts have held that where a person is indicted under an analagous criminal statute, 18 U.S.C. Sec. 1202,[3] the requirement that the interstate movement be connected to commerce is a minimal one. Scarborough v. United States, 431 U.S. 563, 577 (1977). ('[T]here is no question that Congress intended no more than a minimal nexus requirement.') Indeed, this circuit has held that with regard to possession of a firearm under Sec. 1202(a), 'proof that the firearm was manufactured outside the state in which the possession occurred is sufficient' to support the inference that the firearm travelled in interstate commerce. United States v. Jones, 533 F.2d 1387, 1392-3 (6th Cir. 1976); Watkins v. United States, 564 F.2d 201, 204 (6th Cir. 1977).
 
 
 11
 In the instant case, it is undisputed that the purchased firearm was manufactured outside the state of Michigan. In light of the broad purposes of Section 922(h) and our holdings in cases concerning Section 1202(a), we hold that Section 922(h) does not require further proof to satisfy the requirement of interstate commerce. Congress wanted to prevent the acquisition of firearms by convicted felons, not have the courts inquire into the manner in which firearms cross interstate lines. Accordingly, as in Section 1202(a), the commerce nexus requirement for Section 922(h) is a minimal one, and is satisfied by the evidence submitted in the district court.
 
 
 12
 Based on the foregoing, we AFFIRM the conviction of the appellant
 
 
 
 [1]
 The statute at the time of appellant's conviction provided in pertinent part:
 (h) It shall be unlawful for any person--
 (i) . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . .
 to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
 
 
 [2]
 Appellant was later acquitted of the charge
 
 
 [3]
 Section 1202(a) prohibits certain categories of persons from receiving, possessing or transporting in commerce or affecting commerce any firearm